1

2                                                    **E-Filed 1/11/06**

3

4

5

6

7                              NOT FOR CITATION

8              **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                          **SAN JOSE DIVISION**

11

12   EDWARD L. SCARFF, et al.,              No. C 03-03394 JF (PVT)
                                             C 03-04829 JF (PVT)
13                      Plaintiffs,          C 03-05871 JF (HRL)

14            v.                             MEMORANDUM OF INTENDED
                                             DISPOSITION
15   WELLS FARGO BANK, N.A., et al.,

16                      Defendants.

17

18

19

20        On January 6, 2006, the Court heard oral argument with respect to five motions in the

21   instant case: (1) Defendant Comerica Bank ("Comerica") moves for partial summary

22   adjudication on the issue of damages; (2) Defendants Wells Fargo Bank, N.A. ("Wells Fargo")

23   and Carol Barber ("Barber") move for summary judgment on Plaintiffs' third, fourth, sixth,

24   ninth, eleventh, twelfth, and fourteenth claims; (3) Defendant Kelly Hvegholm ("Hvegholm")

25   moves for summary judgment on Plaintiffs' third and fourth claims; (4) Defendants Intuit Inc.

26   ("Intuit"), Computing Resources Inc. ("CRI"), and Lisa Ciccotti ("Ciccotti") move for summary

27   judgment on Plaintiffs' third and fourth claims; Wells Fargo, Barber, and Hvegholm join in this

28   motion; (5) Wells Fargo, Intuit, CRI, Barber, and Ciccotti move to exclude the expert

1  declarations of John Britt ("Britt"), Vicki Lambert ("Lambert"), and David Moore ("Moore");

2  Comerica joins in this motion as to the declarations of Britt and Moore.

3       At the hearing, the Court advised counsel that in light of the proximity of the trial date, it

4  would set forth its intended disposition of the motions in a brief memorandum and issue a formal

5  order setting forth its reasoning at a later date.  Having reviewed the moving, opposing and reply

6  briefs and the relevant portions of the evidentiary record, and having considered the arguments of

7  counsel presented at the hearing, the Court intends to dispose of the pending motions as follows:

8

9  **1.      Comerica**

10       Comerica's motion for partial summary adjudication on the issue of damages will be

11  denied.  In light of the totality of the circumstances, a reasonable jury could find that Plaintiff

12  Edward L. Scarff ("Scarff") did not have notice of facts that would have put a reasonable person

13  on inquiry, and that he would not have discovered such facts through reasonable diligence.

14

15  **2.      Intuit and CRI**

16       The motion for summary judgment of Defendants Intuit and CRI on Plaintiffs' third

17  claim, for secondary liability for fraud and deceit in connection with the "payroll scheme," and

18  on the fourth claim, for secondary liability for conversion in connection with the "payroll

19  scheme," will be granted on two grounds.  First, Plaintiffs have not shown that they have any

20  competent evidence that they were damaged by the alleged "payroll scheme."  At oral argument,

21  Plaintiffs represented that their interrogatory responses provide evidence of damages caused by

22  the alleged "payroll scheme."  However, Plaintiffs do not provide any written support for this

23  representation in their opposition papers; Plaintiffs' interrogatories do not include or refer to any

24  supporting documentary evidence; and, apart from the fact that it is not the Court's responsibility

25  to comb the record for evidence, the Court is not readily able to find such evidence.  Second, the

26  doctrine of respondeat superior does not make Intuit or CRI vicariously liable for the actions of

27  Hvegholm or Ciccotti, because these individuals, if they engaged in the alleged illegal conduct,

28  acted outside the scope of their employment.

2

1

**3.     Hvegholm and Ciccotti**

2          The motions for summary judgment of Defendants Hvegholm and Ciccotti on Plaintiffs'

3   third claim, for secondary liability for fraud and deceit in connection with the "payroll scheme,"

4   and on the fourth claim, for secondary liability for conversion in connection with the "payroll

5   scheme," will be granted.  As stated above, Plaintiffs have not shown that they have any

6   competent evidence that they were damaged by the alleged "payroll scheme."

7

8   **4.     Wells Fargo**

9          The motion for summary judgment of Defendant Wells Fargo will be granted in part and

10  denied in part.

11         a.  *Claims three and four*.  Wells Fargo's motion for summary judgment on Plaintiffs'

12  third claim, for secondary liability for fraud and deceit in connection with the "payroll scheme,"

13  and on the fourth claim, for secondary liability for conversion in connection with the "payroll

14  scheme," will be granted on two grounds.  First, as stated above, Plaintiffs have not shown  to the

15  Court that they have any competent evidence that they were damaged by the alleged "payroll

16  scheme."  Second, the doctrine of respondeat superior does not make Wells Fargo liable for the

17  alleged illegal conduct of employees of Intuit or CRI, the companies with whom Wells Fargo

18  contracted to provide payroll services.

19         b.  *Claim nine*.  Wells Fargo's motion for summary judgment on Scarff's ninth claim, for

20  fraud and deceit in connection with the alleged "credit line scheme," will be denied.  Although in

21  the Court's judgment the evidence for such an inference is not strong, Plaintiff has identified

22  sufficient evidence from which a reasonable jury could infer that Barber, Wells Fargo's agent,

23  had actual knowledge of the alleged "credit line scheme" and that this scheme was concealed

24  from Plaintiff.  Plaintiffs' inartful use of the term "constructive knowledge" in certain

25  interrogatory responses does not change the probative value of the evidence supporting an

26  inference of actual knowledge.

27         c.  *Claim eleven*.  Wells Fargo's motion for summary judgment on Scarff's eleventh

28  claim, for negligence in connection with the alleged "credit line scheme," will be granted.

Despite the fact that an argument based on the account agreements was asserted expressly in Defendants' brief, Scarff offers no substantive opposition to Wells Fargo's contention that the account agreements bar this claim. Although Scarff might have successfully opposed this aspect of the motion, the Court is not required to search for evidence that creates a genuine issue of fact or to do its own legal research.

d. *Claim fourteen*. Wells Fargo's motion for summary judgment on Scarff and Nancy Scarff's fourteenth claim, for slander of title, will be granted. Plaintiffs have not identified sufficient evidence from which a reasonable jury could conclude that Wells Fargo recorded the deed of trust on the Scarff residence with the requisite knowledge of falsity or disregard of the truth. Additionally, assuming arguendo that Plaintiffs did properly allege a claim of slander of title based on the foreclosure proceedings initiated by Wells Fargo, introduction of documents in foreclosure proceedings is subject to the litigation privilege, which is absolute.

e. *Punitive damages*. Wells Fargo's motion for summary judgment on the issue of punitive damages will be granted. Plaintiffs have not identified sufficient evidence from which a reasonable jury could conclude that any officer, director, or managing agent of Wells Fargo had advance knowledge and conscious disregard, authorization, ratification of the alleged "credit line scheme" or was personally guilty of oppression, fraud, or malice.

f. *Pentoga*. Wells Fargo's motion for summary judgment on all claims brought by Pentoga will be granted. The Pentoga partnership was dissolved at the time it was first named as a party in the instant case, and thus it lacks the legal capacity to sue.

g. *Damages limited by statutes of limitation*. Wells Fargo's motion for summary judgment on the issue of whether damages should be limited by the applicable statutes of limitations will be denied for the reasons stated above with respect to Comerica.

**5. Barber**

The motion for summary judgment of Defendant Barber will be granted in part and denied in part.

a. *Claims three and four*. Barber's motion for summary judgment on Plaintiffs' third

4

1    claim, for secondary liability for fraud and deceit in connection with the "payroll scheme," and

2    on the fourth claim, for secondary liability for conversion in connection with the "payroll

3    scheme," will be granted on two grounds.  First, as stated above, Plaintiffs have not shown that

4    they have any competent evidence that they were damaged by the alleged "payroll scheme."

5    Second, Plaintiffs have identified no evidence that Barber knew of or was involved in the alleged

6    "payroll scheme."

7          b. *Claim six*.  Barber's motion for summary judgment on Plaintiffs' sixth claim, for

8    violation of 12 U.S.C. § 503 and 18 U.S.C. § 215 in connection with the alleged "payroll

9    scheme," will be granted.  As stated above, Plaintiffs have not shown that they have any

10   competent evidence that they were damaged by the alleged "payroll scheme."

11         c. *Claim nine*.  Barber's motion for summary judgment on Plaintiff Edward Scarff's ninth

12   claim, for fraud and deceit in connection with the alleged "credit line scheme," will be denied for

13   the reasons stated above with respect to Wells Fargo.

14         d. *Claim eleven*.  Barber's motion for summary judgment on Scarff's eleventh claim, for

15   negligence in connection with the alleged "credit line scheme," will be granted for the reason

16   stated above with respect to Wells Fargo.

17         e. *Claim twelve*.  Barber's motion for summary judgment on Plaintiffs' sixth claim, for

18   violation of 12 U.S.C. § 503 and 18 U.S.C. § 215 in connection with the alleged "credit line

19   scheme," will be denied.  Although in the Court's judgment the evidence for such an inference is

20   not strong, Plaintiff has identified sufficient evidence from which a reasonable jury could infer

21   that Barber had actual knowledge of and participation in the alleged "credit line scheme."

22         f. *Pentoga*.  Barber's motion for summary judgment on all claims brought by Pentoga

23   will be granted for the reason stated above with respect to Wells Fargo.

24         g. *Damages limited by statutes of limitation*.  Barber's motion for summary judgment on

25   the issue of whether damages should be limited by the applicable statutes of limitations will be

26   denied for the reasons stated above with respect to Comerica.

27

28

Case No. C 03-03394 JF (PVT), C 03-04829 JF (PVT), and C 03-05871 JF (HRL)
MEMORANDUM OF INTENDED DISPOSITION
(JFLC1)

1

**6.     Expert declarations**

2          The motions to exclude the expert declarations of Britt, Lambert, and Moore will be

3   granted in part and denied in part.

4          a. *Britt*.  The Court will exclude the Britt declaration for purposes of Wells Fargo's and

5   Barber's motions for summary judgment.  Plaintiffs have not demonstrated that their late

6   disclosure was substantially justified or harmless.  The Court will not exclude the Britt

7   declaration at trial.  If Defendants believe that admission of the Britt declaration at trial will

8   cause them prejudice, Defendants may move for a postponement of the trial date so that they may

9   conduct further discovery with regard to the declaration.

10          b. *Lambert*.  The Court will not exclude the Lambert declaration because it applies only

11  to the alleged "payroll scheme," as to which the Court has indicated that it intends to grant

12  summary judgment in favor of all Defendants.

13          c. *Moore*.  The Court will not exclude the Moore declaration, either for purposes of

14  Wells Fargo's and Barber's motions or at trial, because the late submission is harmless.

15  Moreover, at oral argument, Defendants represented to the Court that the Moore declaration is

16  not of concern to them.  However, pursuant to Plaintiffs' representations, the Moore declaration

17  will be deemed a final, rather than a "preliminary," declaration.

18

19  **7.     Trial date**

20          If, having considered the Court's intended dispositions of the instant motions, any party

21  wishes to seek postponement of the trial date, that party shall make an appropriate motion by

22  January 18, 2006.

23

24

25  Dated: January 11, 2006

26

27                                          /s/ electronic signature authorized
                                            JEREMY FOGEL
28                                          United States District Judge

6

1    This Order has been served upon the following persons:

2    Rebecca M. Archer              EfilingRMA@cpdb.com, rmg@cpdb.com

3    Jonathan R. Bass               EfilingJRB@cpdb.com, mjc@cpdb.com

4    William Bates , III            bill.bates@bingham.com

5    Geoffrey Scott Beckham         geoff.beckham@bingham.com,

6    Carolyn Chang                  cchang@fenwick.com, vschmitt@fenwick.com

7    A. Marisa Chun                 EfilingAMC@cpdb.com, pjd@cpdb.com

8    Joseph W. Cotchett             plee@cpsmlaw.com,

9    Joseph N. Demko                JND@JMBM.com, eap@jmbm.com

10   John W. Easterbrook            jwe@hopkinscarley.com, dgraff@hopkinscarley.com

11   Gilbert Eisenberg             g.eisenberg@sbcglobal.net,

12   William Henry Gavin            gavin@gclitigation.com,

13   Philip L. Gregory              pgregory@cpsmlaw.com, jacosta@cpsmlaw.com

14   Alan F. Hunter                 hunter@gclitigation.com,

15   Susan K. Jamison               EfilingSKJ@cpdb.com, aaa@cpdb.com

16   William S. Klein               bklein@hopkinscarley.com, ttellez@hopkinscarley.com

17   Martin H. Kresse               mkresse1@earthlink.net,

18   C. Laine Lucas                 lainelucas@bindermalter.com,

19   Julian W. Mack                 pmack@ buchalter.com,

20   Frank M. Pitre                 fpitre@cpsmlaw.com, mnewman@cpsmlaw.com

21   Elizabeth C Pritzker           epritzker@cpsmlaw.com, zml@girardgibbs.com

22   Dori Lynn Yob                  dyob@hopkinscarley.com, ash@hopkinscarley.com

23
24   Jennifer Coleman
     Jeffer Mangels Butler & Marmaro LLP
     Two Embarcadero Center
25   Fifth Floor
     San Francisco, CA 94111-3824
26
     Tod C. Gurney                  tgurney@hopkinscarley.com, ttellez@hopkinscarley.com
27   Hopkins & Carley
     70 S. First Street
28   San Jose, CA 95113

                                         7

1   Nanci E. Nishimura
    Cotchett Pitre Simon & McCarthy
2   840 Malcolm Road, Suite 200
    Burlingame, CA 94010
3
    Peter G. Bertrand
4   Buchalter Nemer Fields & Younger
    333 Market Street, 29th Floor
5   San Francisco, CA 94105-2130

6   Heinz Binder
    Binder & Malter LLP
7   2775 Park Avenue
    Santa Clara, CA 95050
8
    Robert G. Harris
9   Binder & Malter, LLP
    2775 Park Avenue
10  Santa Clara, CA 95050

11  USBC Manager-San Jose
    US Bankruptcy Court
12  280 South First Street
    Room 3035
13  San Jose, CA 95113

14  Arthur S. Weissbrodt
    U.S. Bankruptcy Court
15  280 South First Street
    Room 3035
16  San Jose, CA 95113

17

18

19

20

21

22

23

24

25

26

27

28

8