\*\*E-Filed 2/23/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDWARD L. SCARFF, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　　Defendants. | Case Number C 03-03394 JF (PVT)<br>　　　　　　　　C 03-04829 JF (PVT)<br><br>ORDER[1] DENYING PLAINTIFFS' MOTION FOR LEAVE TO PRESENT FURTHER ARGUMENT AND/OR TO FILE A MOTION FOR RECONSIDERATION |

On January 6, 2006, the Court heard oral argument with respect to five motions in the instant action: (1) Defendant Comerica Bank ("Comerica") moved for partial summary adjudication on the issue of damages; (2) Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Carol Barber ("Barber") moved for summary judgment on Plaintiffs' third, fourth, sixth, ninth, eleventh, twelfth, and fourteenth claims; (3) Defendant Kelly Hvegholm ("Hvegholm") moved for summary judgment on Plaintiffs' third and fourth claims; (4) Defendants Intuit Inc. ("Intuit"), Computing Resources Inc. ("CRI"), and Lisa Ciccotti ("Ciccotti") moved for summary

---

[1] This disposition is not designated for publication and may not be cited.

judgment on Plaintiffs' third and fourth claim (Wells Fargo, Barber, and Hvegholm joined in this motion); (5) Wells Fargo, Intuit, CRI, Barber, and Ciccotti moved to exclude the expert declarations of John Britt ("Britt"), Vicki Lambert ("Lambert"), and David Moore ("Moore") (Comerica joined in this motion as to the declarations of Britt and Moore, and Hvegholm joined as to the declaration of Lambert).

On January 11, 2006, in light of the proximity of the then-scheduled trial date, the Court issued a Memorandum of Intended Disposition. On January 19, 2006, Plaintiffs, pursuant to Civil Local Rule 7-9, filed a motion for leave to present further argument and/or to file a motion for reconsideration with respect to this Memorandum. Plaintiffs correctly suggest that it is within the discretion of the Court to modify a disposition prior to the issuance of a final ruling. *See, e.g.*, *Mayo v. Dean Witter Reynolds, Inc.*, 258 F. Supp. 2d 1097, 1103 (N.D. Cal. 2003). However, in this instance the Court, in the exercise of that discretion, declines to do so. The Court issued the Memorandum of Intended Disposition principally to assist the parties in assessing the practicability of the former trial date and in preparing for a scheduled mediation; it did not intend to invite what Defendants fairly characterize as a sur-reply brief on behalf of Plaintiffs. While Plaintiffs represent that the purpose of the motion is to assist the Court in clarifying certain arguments, the brief in support of the motion addresses dispositive factual and legal issues that Plaintiffs wholly failed to address in their opposition to Defendants' original motions. Under these circumstances, granting the instant motion would give Plaintiffs an unfair advantage by allowing them to remedy their own omissions after being advised of the Court's intended ruling.

Plaintiffs argue that the Court nonetheless should grant the instant motion on the ground that they were not given sufficient time to present their case at oral argument. Plaintiffs misperceive the purpose of oral argument. "Oral argument—as this court routinely makes clear to counsel—is an opportunity for the court to ask questions, often to give counsel a chance to address a particular judge's tentative conclusions to clarify or even persuade the judge to change his or her mind." *Kennedy v. Lockyer*, 379 F.3d 1041, 1058 (9th Cir. 2004) (Fisher, J.,

2

concurring) (discussing the role of oral argument in the circuit court); *see also*, *Cline v. Commissioner of Social Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) ("the primary purpose of oral argument is for the judge to ask questions") (discussing the role of oral argument in the district court).

Plaintiffs' suggestion that the Court did not permit them sufficient time for oral argument ignores the fact that Plaintiffs' opposition briefs failed to address numerous issues raised by Defendants' motions for summary judgment. It is not the Court's task to "'scour the record in search of a genuine issue of triable fact.'" *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). As the Ninth Circuit has held:

> [T]he district court may determine whether there is a genuine issue of fact, on summary judgment, based on the papers submitted on the motion and such other papers as may be on file and specifically referred to and facts therein set forth in the motion papers. Though the court has discretion in appropriate circumstances to consider other materials, it need not do so. The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found.

*Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

To cite the most obvious example of this, Plaintiffs' opposition papers contained *no response* to the argument of Intuit et al. regarding the absence of evidence of damages traceable to the alleged "payroll scheme." The Court specifically inquired as to whether there was any such evidence during oral argument. In response, Plaintiffs' counsel indicated that such evidence is "in the answers to interrogatories." This response confirmed the Court's initial conclusion that Plaintiffs had not met their burden of "[setting] forth in the opposing papers with adequate references [evidence establishing a genuine issue of fact] so that it [can] conveniently be found." *Id*. Although Plaintiffs arguably identify evidence of such damages in their motion for reconsideration, the very fact that they have done so demonstrates the significance of their failure to set forth that evidence in their opposition papers. Indeed, Plaintiffs now identify dozens of interrogatory responses that appear to relate to the issue of damages, and they have submitted numerous charts depicting the transfer of funds in the alleged credit line and payroll schemes.

3

Case No. C 03-03394 JF (PVT) and C 03-04829 JF (PVT)
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO PRESENT FURTHER ARGUMENT AND/OR TO FILE A MOTION FOR RECONSIDERATION
(JFLC1)

Yet even with the aid of these additional submissions, the precise flow of funds from various accounts through payroll processing to Huang is far from clear. Plaintiffs have made very little effort *to explain* in detail how the evidence cited in the interrogatory responses rebuts the argument of Intuit et al. that there is no evidence that Plaintiffs actually were damaged by the payroll scheme. Given the extraordinary length of the briefings, the sheer volume of the relevant evidence, the complexity of the financial scheme, and the generality of their arguments, Plaintiffs could not reasonably have believed that the Court would scour the record for evidence of damages and, without guidance from Plaintiffs, piece the evidence together in such a way as to demonstrate that traceable damages actually occurred.

Accordingly, the Court will deny the instant motion for leave to present further argument and/or to file a motion for reconsideration of this Memorandum of Intended Disposition. This ruling is without prejudice to a motion for leave to file for reconsideration of the Court's final order on Defendants' motions, which order is issued simultaneously herewith. However, while the Court would consider such a motion carefully, it would do so only if Plaintiffs first meet the stringent requirements of Civil Local Rule 7-9, which requires that the party seeking leave to file a motion for reconsideration show:

> (1) That at the time of the motion for leave, a *material* difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the *exercise of reasonable diligence* the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments *which were presented to the Court before such interlocutory order*.

Civ. L. R. 7-9(b) (emphasis added).

IT IS SO ORDERED.

4

Case No. C 03-03394 JF (PVT) and C 03-04829 JF (PVT)
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO PRESENT FURTHER ARGUMENT AND/OR TO FILE A MOTION FOR RECONSIDERATION
(JFLC1)

1  DATED: February 23, 2006

            _____
            JEREMY FOGEL
            United States District Judge

5

Case No. C 03-03394 JF (PVT) and C 03-04829 JF (PVT)
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO PRESENT FURTHER ARGUMENT AND/OR TO FILE A MOTION FOR RECONSIDERATION
(JFLC1)

1  This Order has been served upon the following persons:

| # | Name | Email |
|---|---|---|
| 2 | Rebecca M. Archer | EfilingRMA@cpdb.com, rmg@cpdb.com |
| 3 | Jonathan R. Bass | EfilingJRB@cpdb.com, mjc@cpdb.com |
| 4 | William Bates , III | bill.bates@bingham.com |
| 5 | Carolyn Chang | cchang@fenwick.com, vschmitt@fenwick.com |
| 6 | A. Marisa Chun | EfilingAMC@cpdb.com, pjd@cpdb.com |
| 7 | Joseph W. Cotchett | plee@cpsmlaw.com, |
| 8 | Joseph N. Demko | JND@JMBM.com, eap@jmbm.com |
| 9 | John W. Easterbrook | jwe@hopkinscarley.com, dgraff@hopkinscarley.com |
| 10 | Gilbert Eisenberg | g.eisenberg@sbcglobal.net, |
| 11 | William Henry Gavin | gavin@gclitigation.com, |
| 12 | Philip L. Gregory | pgregory@cpsmlaw.com, jacosta@cpsmlaw.com |
| 13 | Alan F. Hunter | hunter@gclitigation.com, |
| 14 | Susan K. Jamison | EfilingSKJ@cpdb.com, aaa@cpdb.com |
| 15 | William S. Klein | bklein@hopkinscarley.com, ttellez@hopkinscarley.com |
| 16 | Martin H. Kresse | mkresse1@earthlink.net, |
| 17 | C. Laine Lucas | lainelucas@bindermalter.com, |
| 18 | Julian W. Mack | pmack@ buchalter.com, |
| 19 | Frank M. Pitre | fpitre@cpsmlaw.com, mnewman@cpsmlaw.com; rmanuel@cpsmlaw.com |
| 20 | Elizabeth C Pritzker | epritzker@cpsmlaw.com, zml@girardgibbs.com |
| 21 | Dori Lynn Yob | dyob@hopkinscarley.com, ash@hopkinscarley.com |

23  Peter G. Bertrand
Buchalter Nemer Fields & Younger
24  333 Market Street, 29th Floor
San Francisco, CA 94105-2130

26  Heinz Binder
Binder & Malter LLP
27  2775 Park Avenue
Santa Clara, CA 95050

6

Case No. C 03-03394 JF (PVT) and C 03-04829 JF (PVT)
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO PRESENT FURTHER ARGUMENT AND/OR TO
FILE A MOTION FOR RECONSIDERATION
(JFLC1)

1  Jennifer Coleman
   Jeffer Mangels Butler & Marmaro LLP
2  Two Embarcadero Center
   Fifth Floor
3  San Francisco, CA 94111-3824

4  Tod C. Gurney
   Hopkins & Carley
5  70 S. First Street
   San Jose, CA 95113
6  tgurney@hopkinscarley.com, ttellez@hopkinscarley.com

7  Robert G. Harris
   Binder & Malter, LLP
8  2775 Park Avenue
   Santa Clara, CA 95050

9

   Nanci E. Nishimura
10 Cotchett Pitre Simon & McCarthy
   840 Malcolm Road
11
   USBC Manager-San Jose
12 US Bankruptcy Court
   280 South First Street
13 Room 3035
   San Jose, CA 95113
14
   Arthur S. Weissbrodt
15 U.S. Bankruptcy Court
   280 South First Street
16 Room 3035
   San Jose, CA 95113
17 Suite 200
   Burlingame, CA 94010
18

19

20

21

22

23

24

25

26

27

28

7

Case No. C 03-03394 JF (PVT) and C 03-04829 JF (PVT)
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO PRESENT FURTHER ARGUMENT AND/OR TO
FILE A MOTION FOR RECONSIDERATION
(JFLC1)